UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:20-CR-2-REW-HAI |
| v. | ) ) | ORDER |
| GLENNIS REED NANTZ, | ) ) | |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 347 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Glennis Reed Nantz's guilty plea and adjudge him guilty of Counts 1 and 4 of the Superseding Indictment (DE 207). *See* DE 348 (Recommendation); *see also* DE 332-1 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 348 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 348, **ACCEPTS** Nantz's guilty plea, and **ADJUDGES** him guilty of Counts 1 and 4 of the Superseding Indictment (DE 207);

2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 332-1 ¶ 9), the Court provisionally **FINDS** that Nantz has an interest in items 1-4 and the ammunition in item 8, identified in the operative indictment (DE 207 at 8), and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

4. The Court will issue a separate sentencing order.[1]

This the 24th day of August, 2020.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Nantz to custody. *See* DE 347. The Court, thus, sees no need to further address detention, at this time.